# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:20-cv-00156-KDB
# (5:18-cr-00018-KDB-DSC-1)

| | |
|---|---|
| GREGORY NELSON GRUBB, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence filed pursuant to 28 U.S.C. § 2255. [Doc. 1].

On April 19, 2018, Petitioner pled guilty pursuant to a written plea agreement to one count of methamphetamine trafficking conspiracy in violation of 21 U.S.C. §§ 841(a)(1) and 846. [Criminal Case No. 5:18-cr-00018-KDB-DSC ("CR"), Doc. 15: Plea Agreement; CR Doc. 16: Acceptance and Entry of Guilty Plea; see CR Doc. 1: Bill of Indictment]. In the plea agreement, Petitioner agreed to waive his right to appeal his conviction or sentence except for claims of ineffective assistance of counsel or prosecutorial misconduct. [CR Doc. 15 at ¶ 20]. Petitioner was later sentenced to a term of 168 months' imprisonment. [CR Doc. 29 at 2: Judgment]. Petitioner's pro se appeal was dismissed as untimely. [CR Doc. 33, 41].

On September 28, 2020, Petitioner filed the present motion to vacate contending, among other things, that his counsel was ineffective for failing to file a notice of appeal after Petitioner's judgment was entered despite Petitioner's express instruction that his counsel file an appeal. [Doc. 1]. Specifically, Petitioner avers that he told his attorney that he wanted to appeal immediately

after sentencing when Petitioner returned to his holding cell on August 27, 2018. [Doc. 1 at 4]. Petitioner also contends that he adamantly told his attorney in multiple phone conversations from Mecklenburg and Caldwell County Jails that he wanted to appeal his sentence. [Id.]. Finally, Petitioner claims that his attorney withdrew as counsel "the more [Petitioner] persisted he wanted to appeal his sentence." [Id.]. In his claim for relief, Petitioner asks the Court to "[r]esentence him fairly without all the prosecutorial prejudice." [Id. at 14].

Before determining Petitioner's motion, the Court will require the Government to obtain an affidavit from Petitioner's counsel regarding the matter at issue in Petitioner's motion to vacate and to file it with the Court. Namely, Petitioner's counsel shall attest to everything he remembers regarding Petitioner requesting that counsel file a notice of appeal and any other facts or circumstances that may be relevant to the Court's consideration of Petitioner's motion to vacate on this issue.

The Court will hold a hearing, if necessary, to resolve any material discrepancy between Petitioner's motion and counsel's affidavit.

**O R D E R**

**IT IS, THEREFORE, ORDERED** that the Government shall obtain and file an affidavit from Petitioner's counsel of record in the underlying criminal proceedings in accordance with the terms of this Order within twenty-one (21) days of this Order.

Signed: May 24, 2021

Kenneth D. Bell
United States District Judge