UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:20-cv-00156-KDB
(5:18-cr-00018-KDB-DSC-1)

| | |
|---|---|
| GREGORY NELSON GRUBB, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence filed pursuant to 28 U.S.C. § 2255, [Doc. 1], and on the evidentiary hearing held on July 29, 2021, [7/29/2021 Docket Entry].

**I.    BACKGROUND**

On April 19, 2018, Petitioner pled guilty pursuant to a written plea agreement to one count of methamphetamine trafficking conspiracy in violation of 21 U.S.C. §§ 841(a)(1) and 846. [Criminal Case No. 5:18-cr-00018-KDB-DSC ("CR"), Doc. 15: Plea Agreement; CR Doc. 16: Acceptance and Entry of Guilty Plea; see CR Doc. 1: Bill of Indictment]. In the plea agreement, Petitioner agreed to waive his right to appeal his conviction or sentence except for claims of ineffective assistance of counsel or prosecutorial misconduct. [CR Doc. 15 at ¶ 20]. At sentencing, the Government argued that Petitioner should be subject to a career offender enhancement, which would have increased the guidelines range to 262 to 327 months' imprisonment. [See CR Doc. 24: Sentencing Memorandum]. The Court declined to adopt the enhancement, in light of a recent unpublished Fourth Circuit decision, United States v. Whitley, 737 Fed. App'x 147 (4th Cir. 2018),

and sentenced Petitioner to a guidelines term of 168 months' imprisonment. [CR Doc. 29 at 2: Judgment]. Petitioner's pro se appeal was dismissed as untimely. [CR Doc. 33, 41].

On September 28, 2020, Petitioner filed the present motion to vacate contending, among other things, that his counsel, W. Kelly Johnson, was ineffective because Johnson failed to file a notice of appeal. [Doc. 1]. Petitioner alleges that he told Johnson immediately after Petitioner's sentencing and in multiple phone conversations from the Mecklenburg and Caldwell County Jails that he wanted to appeal. [Id. at 4]. Petitioner claims that Johnson withdrew as his attorney the more Petitioner persisted in wanting to appeal. [Id.]. In his claim for relief, Petitioner asks the Court to "[r]esentence him fairly without all the prosecutorial prejudice." [Id. at 14].

The Court ordered the Government to respond to Petitioner's motion to vacate. [Doc. 2]. In response, the Government initially conceded that the Court should vacate the original judgment and enter a new judgment for the sole purpose of allowing Petitioner to pursue a direct appeal of his conviction and/or sentence. [Doc. 3 at 7-8]. The Court, however, ordered the Government to obtain and file an affidavit from Johnson attesting to "everything he remembers regarding Petitioner requesting that counsel file a notice of appeal and any facts and circumstances that may be relevant to the Court's consideration of Petitioner's motion to vacate on this issue." [Doc. 4 at 2]. The Government timely filed the requested Affidavit of W. Kelly Johnson. [Doc. 5-1].

Johnson attested, significantly, as follows. Petitioner never indicated or expressed a desire for Johnson to file a notice of appeal either before or after sentencing. [Doc. 5-1 at ¶ 10]. Johnson reviewed his notes, correspondence, and emails from the case and found nothing suggesting that Petitioner requested Johnson to file an appeal on Petitioner's behalf. [Id.]. Moreover, Johnson saw no non-frivolous basis for an appeal. [Id. at ¶ 11]. After sentencing, Johnson continued to represent Petitioner related to Petitioner's attempt to cooperate with authorities to obtain a

2

Case 5:20-cv-00156-KDB   Document 10   Filed 08/06/21   Page 2 of 6

sentencing reduction pursuant to Fed. R. Crim. P. 35. At no time during those several months did Petitioner communicate a desire to appeal to Johnson. [Id. at ¶ 12]. On November 7, 2018, Johnson was advised of a potential conflict of interest between Petitioner and another client of the Federal Public Defender Office. Johnson was directed by management to withdraw as counsel due to this conflict. [Id. at ¶ 13]. Given Johnson's affidavit testimony, the Government suggested that an evidentiary hearing was necessary to resolve the issue of ineffective assistance relative to a notice of appeal. [Doc. 1].

## II. EVIDENTIARY HEARING

The Court conducted an evidentiary hearing on this issue on July 29, 2021. After hearing testimony from Petitioner and Attorney Johnson, as well as arguments from counsel, the Court finds the following. Petitioner believes that he requested an appeal be filed. Petitioner, however, seemed confused about the filing of an appeal versus a Section 2255 motion to vacate and the timing of these respective avenues of relief. He testified that he wanted to file an ineffective assistance of counsel claim and a claim for prosecutorial misconduct. The Fourth Circuit Court of Appeals, however, would be very unlikely to entertain such claims on direct appeal. These claims are more properly brought in a Section 2255 motion. Petitioner also testified that he understood that his filing had to be filed within one year, further suggesting that he envisioned a Section 2255 motion, not a direct appeal. His testimony about a direct appeal and related deadlines seemed sincere, but also confused and misguided. Moreover, his plea agreement and Rule 11 hearing demonstrate that he knowingly and intelligently waived his right to appeal, preserving only claims of ineffective assistance of counsel and prosecutorial misconduct, which are virtually always Section 2255 claims.

3

Furthermore, defense counsel Johnson is very experienced both in private practice and as a public defender. The Court finds his testimony entirely credible. Johnson does not recall being asked to file an appeal although he does recall discussing it. Johnson's notes do not reflect that Petitioner asked that an appeal be filed. Johnson would have certainly filed an appeal if asked, has filed notices of appeal in cases with an appellate waiver, and upon request has filed notices of appeal even when he believed an appeal was not in his client's best interest, as here. Petitioner was sentenced within the applicable guideline range, absent a disputed career offender designation. Counsel had legitimate concerns that the Government would cross appeal regarding the career offender designation, which would have substantially increased Petitioner's sentence. Petitioner also hoped to receive a Rule 35 reduction in his sentence for substantial assistance, which would have been jeopardized by an appeal. Finally, the Federal Defender's Office sent Petitioner a letter informing him of the deadline to file a notice of appeal and asking Petitioner to respond within that deadline if he wanted to appeal. They received no response from Petitioner.

## III.   DISCUSSION

The Sixth Amendment entitles a criminal defendant to reasonably effective legal assistance. Strickland v. Washington, 466 U.S. 668 (1984). To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced him. Id.

Counsel must file a notice of appeal when instructed to do so by the client. Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000). Even if the client does not expressly request an appeal, counsel must consult with the client when "there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal); or (2) that this
4

particular defendant reasonably demonstrated to counsel that he was interested in appealing." Id. at 480. Although not determinative, a highly relevant factor is whether the conviction follows a trial or a guilty plea because a plea reduces the scope of potentially appealable issues and may indicate that the defendant seeks to end the judicial proceedings. Id. A defendant establishes prejudice by demonstrating a reasonable probability that he would have filed a timely appeal "'but for' counsel's failure to file or consult." Gordon v. Braxton, 780 F.3d 196, 200 (4th Cir. 2015) (quoting Flores-Ortega, 528 U.S. at 484). A defendant's showing that there are nonfrivolous grounds to appeal may give weight to the contention that he would have appealed had counsel adequately consulted with him. A defendant, however, is not required to demonstrate that his appeal has merit. Flores-Ortega, 528 U.S. at 485-86.

Here, based on all the foregoing, the Court finds that Petitioner did not clearly instruct his counsel to file a notice of appeal from his criminal judgment on his behalf and has failed to show ineffective assistance on this issue. As such, the Court denies and dismisses Petitioner's Section 2255 claim based on ineffective assistance of counsel for counsel's failure to file a notice of appeal. The Court will order the parties to inform the Court within seven days of this Order if they request a further evidentiary hearing regarding Petitioner's other claims of ineffective assistance of counsel and/or prosecutorial misconduct.

## **O R D E R**

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate [Doc. 1] is **DENIED and DISMISSED IN PART** as to Petitioner's claim of ineffective assistance of counsel relative to filing a notice of appeal.

5

Case 5:20-cv-00156-KDB   Document 10   Filed 08/06/21   Page 5 of 6

**IT IS FURTHER ORDERED** that the parties shall inform the Court within seven (7) days of this Order if they request further evidentiary hearing on Petitioner's remaining claims in accordance with the terms of this Order.

Signed: August 6, 2021

Kenneth D. Bell
United States District Judge