UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:20-cv-00156-KDB
(5:18-cr-00018-KDB-DSC-1)

| | |
|---|---|
| **GREGORY NELSON GRUBB, JR.,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence filed pursuant to 28 U.S.C. § 2255. [CV Doc. 1].[1]

## I. BACKGROUND

On March 21, 2018, Petitioner was charged in a Bill of Indictment with one count of methamphetamine trafficking conspiracy in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count One); and two counts of possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) (Counts Two and Three). [CR Doc. 1: Bill of Indictment]. The Government filed an Information Pursuant to 21 U.S.C. § 851 setting forth Petitioner's two previous felony drug convictions. [CR Doc. 9].

The parties reached a plea agreement pursuant to which Petitioner pleaded guilty to Count One and the Government agreed to dismiss Counts Two and Three. [CR Doc. 15: Plea Agreement;

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 5:20-cv-00156-KDB, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 5:18-cr-00018-KDB-DSC-1.

see CR Doc. 1: Bill of Indictment]. As part of the plea, Petitioner agreed that the § 851 Information was accurate and valid and, as such, that Petitioner faced a mandatory sentence of not less than 20 years and up to life imprisonment, 21 U.S.C. § 841(b)(1)(A). [CR Doc. 15 at ¶ 5]. The Government agreed that if Petitioner pleaded guilty in accordance with the plea agreement that it would withdraw the § 851 Information and Petitioner would face a mandatory minimum sentence of 10 years and up to life imprisonment. [Id.]. The parties also agreed that they would jointly recommend, pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, that "[t]he amount of mixture and substance containing a detectable amount of methamphetamine that was known to or reasonably foreseeable by [Petitioner] was more than five thousand (5,000) grams but less than fifteen thousand (15,000) grams." [Id. at ¶ 8(a)]. The parties reserved their rights to argue their respective positions regarding other specific offense characteristics, reductions, enhancements, and variances to the applicable guidelines range. [Id. at ¶ 8(d)]. Finally, Petitioner agreed to waive his right to appeal his conviction or sentence except for claims of ineffective assistance of counsel or prosecutorial misconduct. [Id. at ¶ 20].

Before sentencing, a probation officer prepared a Presentence Investigation Report (PSR). [CR Doc. 20: PSR]. The probation officer recommended a Total Offense Level (TOL) of 31, based on Petitioner's offense involving at least five kilograms of methamphetamine and a three-level reduction for acceptance of responsibility. [Id. at ¶¶ 18, 25-27]. With a criminal history category of III, the Guidelines advised a sentencing range of 135 to 169 months of imprisonment (or life imprisonment if the § 851 Information was not withdrawn). [Id. at ¶¶ 45, 76].

At sentencing, the Government argued that Petitioner should be subject to a career offender enhancement, which would have increased the guidelines range to 262 to 327 months' imprisonment. [See CR Doc. 24: Sentencing Memorandum]. The Court declined to adopt the

2

Case 5:20-cv-00156-KDB   Document 13   Filed 10/07/21   Page 2 of 7

enhancement, in light of a recent unpublished Fourth Circuit decision, United States v. Whitley, 737 Fed. App'x 147 (4th Cir. 2018), and sentenced Petitioner to a guidelines term of 168 months' imprisonment. [CR Doc. 29 at 2: Judgment]. Petitioner's pro se appeal was dismissed as untimely. [CR Doc. 33, 41].

On September 28, 2020, Petitioner filed the present motion to vacate. [CV Doc. 1]. He asserted three grounds for relief: (1) his attorney was ineffective for failing to file a notice of appeal; (2) "[p]rosecutorial misconduct by AUSA trying to 'sway' Judge into sentencing as a career offender, when status was already changed as a result of case law;" and (3) ineffective assistance of counsel "for failing to contest the overall weight involved in [the] conspiracy." [CV Doc. 1 at 4-5, 9]. For relief, Petitioner asks the Court to "[r]esentence him fairly without all the prosecutorial prejudice." [Id. at 14].

After the Government responded and provided an affidavit from Petitioner's attorney on the Court's Order, the Court conducted an evidentiary hearing on the issue of whether Petitioner clearly instructed his attorney to file a notice of appeal. After the hearing and review of the record, the Court found that Petitioner did not clearly instruct his counsel to file a notice of appeal from his criminal judgment on his behalf and failed to show ineffective assistance on this issue. [CV Doc. 10]. The Court, therefore, denied and dismissed Petitioner's § 2255 claim based on ineffective assistance of counsel for counsel's failure to file a notice of appeal. The Court ordered the parties to indicate whether they wanted further evidentiary hearing on Plaintiff's other § 2255 claims. Both parties declined further hearing. [CV Doc. 11; 8/13/2021 Docket Entry]. The Court now addresses Plaintiff's two remaining claims.

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

### A. Ineffective Assistance of Counsel

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. See U.S. CONST. amend. VI. To show ineffective assistance of counsel, Petitioner must first establish a deficient performance by counsel and, second, that the deficient performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In making this determination, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also United States v. Luck, 611 F.3d 183, 186 (4th Cir. 2010). Furthermore, in considering the prejudice prong of the analysis, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)). Under these circumstances, the petitioner "bears the burden of affirmatively proving prejudice." Bowie v. Branker, 512 F.3d 112, 120 (4th Cir. 2008). If the petitioner fails to meet this burden, a "reviewing court need not even consider the performance prong." United States v. Rhynes, 196 F.3d 207, 232 (4th Cir. 1999), opinion vacated on other grounds, 218 F.3d 310 (4th

4

Cir. 2000).

To establish prejudice in the context of a guilty plea, a petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Meyer v. Branker, 506 F.3d 358, 369 (4th Cir. 2007) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)).

Petitioner argues that he received ineffective assistance because his attorney failed to contest the overall drug weight involved in the conspiracy. In support of this claim, Petitioner argues that the officer who interviewed Petitioner after he had been Mirandized was a childhood friend and "used that as a tactic to allow [Petitioner] to 'self-incriminate' during [the] interview." Petitioner claims that his admissions were made while he was "under the influence" and remained unchallenged during the proceedings. [CV Doc. 1 at 9]. Petitioner does not assert or show any basis for a different or lesser drug quantity involved. [See id.]. As such, Petitioner's conclusory assertions are insufficient to establish ineffective assistance. See United States v. Dyess, 730 F.3d 354, 359-60 (4th Cir. 2013) (holding it was proper to dismiss § 2255 claims based on vague and conclusory allegations).

Moreover, Petitioner agreed to recommend a drug quantity between 5,000 grams and 15,000 grams as part of his favorable plea deal. The probation officer recommended a drug quantity of 5,000 grams and Petitioner was sentenced in accordance with that recommendation. Any argument for a reduction in the drug quantity below this level would have undermined Petitioner's entire plea deal leaving Petitioner open to a life sentence. As such, Petitioner has not shown deficient performance or prejudice on this issue and it will be dismissed.

**B.    Prosecutorial Misconduct**

Petitioner also claims prosecutorial misconduct. He argues that the AUSA tried to "sway" the sentencing judge into sentencing as career offender. This claim has no merit. The parties

5

reserved the ability to argue their respective positions regarding enhancements affecting the applicable guidelines range in the plea agreement. As noted, at sentencing, the Government argued in support of a career offender enhancement. The Government, however, advised the Court of the <u>Whitley</u> case, a recent unpublished decision by the Fourth Circuit, and acknowledged that it could be deemed to undermine Petitioner's career offender status. [CR Doc. 40 at 4-8]. The Court decided not to apply the career offender enhancement. [<u>Id.</u> at 10-11; <u>see</u> CR Doc. 20 at ¶ 24]. There was no prosecutorial misconduct and no prejudice. The Court will, therefore, deny Petitioner's motion on this ground.

In sum, for the reasons stated herein, Petitioner's remaining claims are denied and dismissed on the merits.

## IV. CONCLUSION

For the foregoing reasons, the Court denies and dismisses Petitioner's Section 2255 petition.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [Doc. 1] is **DENIED** and **DISMISSED**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. <u>See</u> 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive

6

Case 5:20-cv-00156-KDB   Document 13   Filed 10/07/21   Page 6 of 7

procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**IT IS SO ORDERED**.

Signed: October 7, 2021

Kenneth D. Bell
United States District Judge